**Raymond George MILLER, Petitioner–Appellant,**

v.

**Richard L. DUGGER, Respondent–Appellee.**

**No. 87–5342**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 1, 1988.

1537

Robert A. Butterworth, Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before TJOFLAT, HILL and EDMONDSON, Circuit Judges.

HILL, Circuit Judge:

Raymond George Miller petitions this court for the writ of habeas corpus. A Florida state court convicted Miller of solicitation to commit murder in the first degree. In response to an ad in *Soldier of Fortune* magazine, Miller wrote and then called a California man named Jerry Baker, explaining that he was obligated to pay his former wife 40% of his military retirement pay, and that he sought a "solution" to his problem. Baker, acting as a government informant, recorded the phone call as a California police officer watched. Baker and Miller met in a Florida motel room, and their conversation again was taped. Miller was arrested on his way out of the motel room.

After his conviction, Miller appealed on the grounds that the tapes of his conversations with Baker should have been suppressed. His conviction was affirmed by a Florida appellate court. Miller then filed a collateral state habeas petition, arguing that his appellate counsel had been ineffective in failing to raise four issues: (1) the vagueness of the Florida solicitation statute under which Miller was convicted; (2) the failure of the trial court to strictly construe the Florida statute so that it would not apply to Miller; (3) the affront to the confrontation clause caused when Miller was denied certain testimony from three witnesses; and (4) the vindictiveness of the court in sentencing Miller. A Florida appellate court examined Miller's claim of ineffective assistance of appellate counsel, and ruled Miller's counsel had been effective because on the merits none of the four proposed claims would have been successful.

Miller then filed a federal habeas petition. In his petition, however, Miller raised the four issues directly, rather than through a claim of ineffective assistance of appellate counsel. The federal court dismissed the petition for failure to exhaust state remedies, noting that the four claims had been dealt with only indirectly by a state court.

Miller again filed in state court, this time alleging the four claims as direct grounds for habeas relief. A state court summarily denied the claims. Miller returned to federal court with the four claims, but again was denied relief because he had failed to exhaust the claims in a Fla.R.Crim.P. 3.850 proceeding in state court.

When Miller filed under Rule 3.850, a state court held Miller had defaulted on the four claims when he failed to raise them in his initial appeal. Miller again sought federal relief, but the federal court dismissed his claim, citing the state procedural default holding.

Finally Miller brought this federal habeas petition, turning again to his allegation that he was denied effective assistance of appellate counsel since his attorney failed to raise the four claims on Miller's initial appeal. The district court denied the petition after reviewing the nature of the underlying claims. The court cited the original state habeas decision which also had denied the petition after review of the merits of various claims, including the four advanced here. *See Miller v. State*, 430 So.2d 611 (Fla.App. 4 Dist.1983).

Although this petition represents Miller's fourth attempt to obtain federal habeas relief, at this point no federal appellate court has examined the merits of Miller's ineffective assistance claim. Consequently, we will not dismiss the petition for abuse of the writ.

Appellate counsel may be effective and yet not raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.1984), *cert. denied*, 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). "The most direct way to approach this question ... is to examine the alleged trial errors ... to see if they contain sufficient merit—actual or arguable—that his appellate counsel can be faulted for not having raised them." *Hooks v. Roberts*, 480 F.2d 1196, 1197 (5th Cir.1973), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

■ Miller first maintains that his appellate counsel should have argued that the statute under which Florida convicted Miller, Fla.Stat. § 777.04(2) (1981), was unconstitutionally vague. The statute prohibits solicitation of "another to commit an offense prohibited by law...." Fla.Stat. § 777.04(2) (1981). Section 777.04(2) limits itself to offenses enumerated under section 777.04(4), or for which the law expressly prohibits solicitation. Section 777.04(4) lists only felonies.

We treat petitioner's void-for-vagueness argument as a fact-specific due process claim that his indictment should have been dismissed because no statute gave him adequate notice that what he did was criminal:

> The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

*United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Because section 777.04(4) delineates the offenses intended by section 777.04(2), and because petitioner's action fits within section 777.04(4)(b), petitioner ought to have been fully aware that his solicitation was

criminal[1]. We conclude that petitioner was not denied due process.

Next petitioner contends that he should have been afforded the protection of Fla. Stat. § 775.021(1) (1981). Under that section, Florida provides that criminal statutes are to be construed in favor of the accused. Petitioner argues that since the statute might be read as vague, section 775.021(1) entitles him to have the statute read and voided as too vague. The claim is frivolous.

Thirdly, Miller contends he was denied the benefit of specific testimony by three witnesses. The testimony sought, however, was merely cumulative as to petitioner's trial theory that: "Baker's lifestyle caused him to be in dire need of police leniency and this accounted for his periodic efforts to urge others to commit crimes [so that Baker could] assist police in their conviction." Petitioner's brief at 26.

■ Finally, petitioner maintains that the trial judge improperly sentenced him to thirty years after pre-trial negotiations had been headed toward a probationary term. Petitioner has not demonstrated a "realistic likelihood of 'vindictiveness,'" *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974), on the part of the sentencing judge. "We have no reason to attribute [the petitioner's] increased sentence to anything other than the trial judge's more accurate appraisal of the circumstances after hearing the full disclosure of the facts at trial." *Frank v. Blackburn*, 646 F.2d 873, 885 (5th Cir.1980) (en banc), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981). "[I]t stretches our credulity to think that one who declines to plead guilty with a recommended sentence acceptable to the Court should nevertheless be given the benefits of a bargain available to, but rejected by, him." *United States v. Resnick*, 483 F.2d 354, 358 (5th

---

1. Because the crime of murder is illegal in both Texas and Florida, we need not address the situation in which the solicitation is in Florida for an act to be committed in Texas, the act itself being legal in Texas but illegal in Florida. "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). *See also United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975).

Cir.1973), *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973).

Finding no merit in the contentions underlying the ineffective assistance claim, we cannot grant the writ. The decision of the district court is

AFFIRMED.