[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11048
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-60850-CV-DTKH
04-60265-CR-DTK

RICHARD ALLEN HILL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 17, 2009)**

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Dr. Richard Allen Hill, through counsel, appeals the district court's denial of his pro se motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. We issued a certificate of appealability ("COA") on two, related issues: 1) whether Hill showed cause and prejudice for procedurally defaulting on his argument that the district court's imposition of restitution at sentencing invalidated his guilty plea; and 2) whether Hill's appellate counsel was ineffective for failing to raise that issue on direct appeal. For the reasons set forth below, we affirm.

## I.

In 2004, a federal grand jury returned an indictment against Hill and two codefendants, charging Hill with: conspiracy to evade reporting requirements under the federal tax code and to obstruct the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 371, 31 U.S.C. § 5324, and 26 U.S.C. § 7201 (Count One); structuring transactions with financial institutions for the purpose of evading reporting requirements, in violation of 31 U.S.C. § 5324(a)(3) and (d)(2), 31 C.F.R. § 103.11, and 18 U.S.C. § 2 (Count Two); and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Count Nine).

Hill entered into a written plea agreement with the government, wherein he agreed to plead guilty to Count One of the indictment. The plea agreement

provided, inter alia, that, "[i]n addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000." In addition, the agreement provided that it "in no way effects [sic] the ability of the Internal Revenue Service to assess, resolve and collect any and all civil tax liabilities which the IRS has computed to be $202,390.00 for the 1999 tax year against the defendant." The plea agreement, however, did not mention restitution.

At the plea hearing, Hill confirmed that he had reviewed "every provision" in the plea agreement with his attorney. The court then reviewed these provisions with Hill, at which point the following exchange occurred:

> COURT: If you turn over to page two, paragraph 3, the sentence could be as long as five years in prison, supervised release, a period where someone is checking up on you, and that could be as long as three additional years, and a monetary fine of as much as $250,000.
>
> Let me check on one thing.
>
> Is this the kind of crime where there could be any restitution?
>
> GOVERNMENT: No, there is no restitution.
>
> COURT: IRS is not coming in?
>
> GOVERNMENT: Except with IRS there is an aspect in Dr. Hill's agreement concerning the civil aspect of this with IRS.

3

COURT:   Okay.  We will come and talk about that separately.

Although there was no further mention of restitution at the hearing, the court specifically asked whether Hill understood that he faced a "monetary fine up to $250,000," and Hill responded affirmatively.  Pursuant to the plea agreement, Hill pled guilty to Count One of the indictment.

In preparing the presentence investigation report ("PSI"), the probation officer found that "the tax loss with respect to Hill's return for 1999 [wa]s $202,390," and that, under the Mandatory Victims Restitution Act ("MVRA"), Hill owed that sum of money to the IRS in restitution.  The probation officer also noted that the statutory maximum fine was $250,000.  Hill filed numerous objections to the PSI, one of which challenged the tax loss figure of $202,390.  Hill, however, did not object to the applicability of the MVRA or whether restitution was appropriate.

After resolving the objections to the PSI, the court sentenced Hill to 21 months' imprisonment and "further ordered that Dr. Hill pay restitution in the sum of $202,390."  The court asked whether Hill had any objections to the sentence, and counsel for Hill objected to the court's calculation of the restitution figure.  He did not, however, object to the imposition of restitution, and Hill did not move to withdraw his guilty plea.

4

On direct appeal, Hill, through a new attorney, challenged the calculation of his guideline range and his term of imprisonment, but did not challenge the imposition of restitution. We rejected his arguments and affirmed his sentence.

In 2007, Hill filed the instant pro se motion to vacate, correct, or set aside his sentence, pursuant to § 2255. He argued, inter alia, that he should be permitted to withdraw his guilty plea because the plea agreement made no mention of restitution and because the district court failed to inform him at the plea hearing that restitution could be imposed. In this respect, Hill emphasized that the government had conceded at the plea hearing that there would be no restitution. In addition, Hill submitted that his appellate attorney was ineffective by failing to challenge the validity of Hill's guilty plea on direct appeal. Hill requested "that any procedural bar be excused due to counsel's ineffective assistance of counsel."

The government responded that Hill's restitution-based argument was not cognizable under § 2255. As a result, the government also argued that appellate counsel was not ineffective for failing to raise the issue on direct appeal.

Hill replied that he entered the plea agreement with the understanding that restitution would not be imposed. He explained that, although the imposition of restitution was obvious error in light of the plea hearing and the plea agreement, his attorney at sentencing was not present for the plea hearing, and, therefore,

5

failed to object. Hill also reiterated that his failure to raise the issue on direct appeal was due to the ineffectiveness of his appellate counsel.

A magistrate judge issued a report recommending that the district court deny Hill's § 2255 motion. With respect to Hill's claims discussed above, the magistrate found as follows:

> To the extent that Hill raises a substantive attack upon his conviction, he is procedurally barred because it should have been raised on direct appeal. Moreover, the plain language of § 2255 provides that a motion to vacate may be filed by a prisoner "claiming the right to be released" from custody. Thus, the Eleventh Circuit has held that § 2255 relief is not available for a federal prisoner who challenges only the restitution portion of his sentence. . . . Therefore, a claim of ineffective assistance of counsel for failing to challenge the amount of restitution is beyond the scope of a § 2255 proceeding. To the extent that Hill challenges the restitution order, he may not avail himself of §2255 relief.

The magistrate also found that, because Hill's restitution claims "have no merit, Hill cannot demonstrate prejudice resulting from appellate counsel's failure to raise the claims." The district court overruled Hill's objections, adopted the magistrate's report, and denied Hill's § 2255 motion.

We then granted Hill a COA on the following two issues only:

> (1) Whether the district court erred by finding that appellant had not overcome the procedural bar to a collateral attack on his guilty plea by demonstrating cause for the default and resulting prejudice, Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); and

6

(2) Whether the district court erred by ruling that appellant was not denied the effective assistance of counsel where counsel failed to argue on direct appeal that appellant's plea was rendered invalid when the district court imposed restitution at sentencing, Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).

## II.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo." Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008) (citation omitted).

In this case, it is undisputed that Hill did not argue on direct appeal that the court's imposition of restitution invalidated his guilty plea. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate . . . 'cause' and actual 'prejudice' . . . ." Bousley, 523 U.S. at 622, 118 S.Ct. at 1611; accord Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge.").

Hill contends that his failure to raise the issue on direct appeal should be

excused because his appellate counsel was ineffective.[1]  As a general matter, under

Strickland, "a movant demonstrates ineffective assistance of counsel by showing

(1) that counsel's representation fell below an objective standard of

reasonableness, and (2) that counsel's deficient performance prejudiced the

defendant."  Devine, 520 F.3d at 1288 (quotation omitted).

> Ineffective assistance of counsel may satisfy the cause exception to a
> procedural bar.  In order to do so, however, the claim of ineffective
> assistance must have merit.  To determine whether it does, we must
> decide whether the arguments the defendant alleges his counsel failed
> to raise were significant enough to have affected the outcome of his
> appeal.

United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations and

quotation omitted).  "The most direct way to approach this question is to examine

the alleged trial errors to see if they contain sufficient merit – actual or arguable –

that his appellate counsel can be faulted for not having raised them."  Miller v.

Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988) (quotation and ellipses omitted).

---

[1]  Hill also contends that he should be excused for failing to raise the argument on direct appeal because, due to the ineffective assistance of his trial counsel, the record was not sufficiently developed with respect to whether he understood that restitution might be imposed.  This argument is without merit, as the record firmly established – in Hill's favor – that the plea agreement was silent with respect to restitution and that Hill was never informed at the plea hearing of the possibility of restitution.  Thus, the record was sufficient for appellate counsel to raise the issue on direct appeal.  Furthermore, we decline to address whether Hill's trial counsel was ineffective, as that issue is outside the scope of the COA.  Williams v. United States, 396 F.3d 1340, 1341 n.1 (11th Cir. 2005).

**III.**

In this case, Hill cannot show that his appellate attorney was ineffective. Hill contends that his appellate attorney should have argued that the court's imposition of restitution amounted to a breach of the plea agreement and/or rendered his guilty plea involuntary under the third "core concern" of Fed.R.Crim.P. 11. See United States v. Brown, 526 F.3d 691, 704 (11th Cir. 2008) (stating that the third "core concern" of Rule 11 is to ensure "that the defendant knows and understands the consequences of pleading guilty"). However, because Hill admittedly never raised this objection before the district court, we would have reviewed this argument for plain error, regardless of how it was characterized on direct appeal. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) ("[W]hen a defendant fails to object to a Rule 11 violation, we review only for plain error."); United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998) (reviewing for plain error the defendant's argument that the government breached the plea agreement).

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."

Moriarty, 429 F.3d at 1019 (citation, quotation, and alteration omitted).

In United States v. Morris, 286 F.3d 1291, 1294 (11th Cir. 2002), and applying plain error, we addressed the defendant's argument, raised on direct appeal, that the district court violated Rule 11 by failing to advise him of the possibility of restitution before he pled guilty. We concluded:

> Although [Rule 11] requires the district court to explain a defendant's liability for both fines and restitution, we hold that failure to do so does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount of restitution ordered. Here, the restitution order was considerably less than the fine Morris was warned of at the time of his guilty plea.

Id.; see also Fed.R.Crim.P. 11(b)(1)(K) (requiring the court to advise the defendant on its "authority to impose restitution" before accepting a guilty plea). In other words, we held that a "defendant is not prejudiced so long as his liability does not exceed the maximum amount that the court informed him could be imposed as a fine. It is the amount of liability, rather than the label 'restitution,' that affects a defendant's substantial rights." Morris, 286 F.3d at 1294 (quotation and alteration omitted).

In this case, the district court twice informed Hill at the plea hearing – and Hill stated that he understood – that he was subject to a fine of up to $250,000, which was ultimately more than the restitution award of $202,390. Thus, although Hill was not informed before pleading guilty that restitution might be imposed, this

10

did not affect his substantial rights under <u>Morris</u>.[2] The fact that the government affirmatively informed the court that restitution would not be imposed in this case does not affect the analysis, as this fact, although not present in <u>Morris</u>, merely highlights that Hill was not advised about restitution at the plea hearing.

In sum, and as to the second issue in the COA, because Hill's argument attacking the validity of his guilty plea would have been unsuccessful on direct appeal, his appellate attorney was not ineffective for failing to raise it at that time. As to the first issue in the COA, because Hill cannot show that his appellate attorney was ineffective, he also cannot show cause sufficient to overcome his procedural default. Accordingly, we affirm the district court's denial of Hill's § 2255 motion.

**AFFIRMED.**

---

[2] Hill does not cite <u>Morris</u> in his brief, but rather challenges our decision in <u>United States v. McCarty</u>, 99 F.3d 383 (11th Cir. 1996), which addressed similar issues. However, in <u>Morris</u>, we distinguished <u>McCarty</u> on the ground that the defendant in <u>McCarty</u>, although not advised about restitution at the plea hearing, was advised about restitution in the plea agreement. 286 F.3d at 1294. In <u>Morris</u>, on the other hand, the defendant "was not made aware of the possibility of restitution in either the plea agreement or the plea hearing." <u>Id.</u> Because Hill was not made aware of the possibility of restitution either in the plea agreement or at the plea hearing, our decision in <u>Morris</u>, rather than <u>McCarty</u>, controls.