United States Court of Appeals,

Eleventh Circuit.

No. 95-3686

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Richard L. McCARTY, a.k.a. Rick McCarty, Defendant-Appellant.

Nov. 12, 1996.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-CR-03016-2-RV), Roger Vinson, Judge.

Before KRAVITCH, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Defendant-Appellant Richard L. McCarty was indicted, along with several codefendants, in an eighteen-count indictment charging conspiracy, mail fraud, wire fraud, and interstate transportation of stolen property. Pursuant to a plea and cooperation agreement, McCarty pled guilty to one count, but prior to sentencing McCarty filed a motion to withdraw his guilty plea. The trial court denied the motion. McCarty appeals this denial and the trial court's denial of his motion for release pending appeal. McCarty also appeals his sentence, alleging that the district court erroneously failed to apply a reduction for acceptance of responsibility. No reversible error has been shown; we affirm.

A. *Motion to Withdraw Guilty Plea*

Under Fed.R.Crim.P. 32(e) the court may permit withdrawal of a guilty plea before sentencing upon a showing of "any fair and

just reason."  While Rule 32(e)[1] as applied to pre-sentence motions to withdraw should be liberally construed, a defendant enjoys no absolute right to withdraw a guilty plea before sentencing.  *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir.1988).  We will reverse a district court's denial of a motion to withdraw a guilty plea only when it constitutes an abuse of discretion.  *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir.1994).

As this court stated in *Buckles,* 843 F.2d at 471, Rule 32(e) imposes upon the defendant the burden of showing a "fair and just reason" for withdrawal of his plea, and the totality of the circumstances surrounding the plea may be considered in determining whether the defendant has met this burden.  Two factors to be considered are whether close assistance of counsel was available and whether the plea was knowing and voluntary.[2]  *Id.* at 472. Defendant argues that he felt compelled to plead guilty because he was intimidated into doing so by his lawyer who, he claims, failed to investigate his case or to prepare for trial.  Therefore, Defendant argues, although believing himself to be innocent, he involuntarily pled guilty.  The district court, after hearing

---

[1]Prior to amendments to the Federal Rules of Criminal Procedure effective December 1, 1994, Fed.R.Crim.P. 32(e) was Fed.R.Crim.P. 32(d).  Except for this change in nomenclature and minor stylistic changes, Fed.R.Crim.P. 32(e) is the same as its predecessor Fed.R.Crim.P. 32(d).  All references herein are to Fed.R.Crim.P. 32(e).

[2]Other factors include whether judicial resources would be conserved and whether the government would be prejudiced by withdrawal.  *Buckles,* 843 F.2d at 472.  Here, as in *Buckles,* the defendant received both a complete Rule 11 proceeding and a full evidentiary hearing on the matter.  The district court is not required to find prejudice to the government, *Id.* at 474, although the court did so find in the instant case.

testimony on these issues, found and concluded that Defendant had been ably and professionally represented, that close assistance of counsel was available and utilized extensively, and that the guilty plea taken at the Rule 11 proceedings was knowingly and voluntarily made after the Defendant fully considered all options.  That the Defendant now protests his innocence does not entitle him to withdraw his plea.  *Id.* at 472-73.  No abuse of discretion in denying the plea withdrawal has been shown.

Defendant argues that, even if his plea was otherwise knowingly and voluntarily made, he nonetheless should be allowed to withdraw his plea because the district court ordered restitution in the amount of $64,740 but failed to mention restitution in the Rule 11 plea colloquy.  While Rule 11 requires, before entry of a guilty plea, a full recitation of the possible penalties to be imposed, and while this recitation should include a warning, when applicable, stating the possibility that restitution may be imposed as part of the ultimate sentence ( *see Fed.R.Crim.P. 11[c][1]* ), variance from the requirements of Rule 11 should be disregarded unless substantial rights are affected.  *See Fed.R.Crim.P. 11(h).*

The question, then, is whether Defendant's substantial rights were affected by the district court's failure to mention specifically the possibility of restitution.  Defendant was fully apprised of his obligation to make restitution in the plea and cooperation agreement with the United States which Defendant signed and acknowledged at the Rule 11 proceeding.  The Presentence Investigation Report ("PSI") also specifically provided that "restitution shall be ordered."  PSI, p. 19.  Defendant was

notified by the district court that he faced a possible fine of $250,000 on his conviction. At sentencing, the court ordered Defendant to make restitution, jointly and severally with his codefendants, in the amount specified in the plea agreement—$64,740. The imposition of a fine was waived; and therefore, the total monetary liability of Defendant was significantly less than the maximum monetary exposure specified in the plea colloquy.

We have not specifically addressed under what circumstances it may be harmless error to fail to advise a defendant during Rule 11 proceedings of the possibility of restitution. Several other circuits have recognized that the substitution of restitution for a fine can be harmless error where the total monetary liability does not exceed the maximum fine specified in the plea colloquy. *See, e.g., United States v. Gabriele,* 24 F.3d 68, 71 (10th Cir.1994) (defendant's substantial rights not impaired when ordered to pay $100,000 in restitution when he knew he could be fined up to $750,000); *United States v. Raineri,* 42 F.3d 36 (1st Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995) (harmless error when misinformation at Rule 11 hearing did not create expectation of lesser penalty than actually received); *United States v. Fox,* 941 F.2d 480, 484-85 (7th Cir.1991) (decision to plead guilty not prejudiced by court's failure to advise of possibility of restitution when defendant has notice of possible higher fine); *United States v. Miller,* 900 F.2d 919, 921 (6th Cir.1990) (harmless error when restitution substituted for fine provided restitution ordered is less than potential fine); *United*

*States v. Pomazi,* 851 F.2d 244, 248 (9th Cir.1988), *overruled in part on other grounds, Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (no surprise or prejudice in failure to mention restitution in Rule 11 hearing when defendant told of potential liability of $500,000 and $64,229 restitution order imposed); *United States v. Fentress,* 792 F.2d 461, 465-66 (4th Cir.1986) (no surprise or prejudice when court imposed a different and lesser penalty of restitution than the maximum potential fine).

Our attention has been called to only one circuit which has taken a contrary position. The Second Circuit has held the failure to mention the possibility of restitution at the Rule 11 hearing is not harmless error even when the restitution imposed is less than the maximum fine the defendant understood he might receive. *United States v. Showerman,* 68 F.3d 1524, 1528 (2d Cir.1995). Also, in *United States v. Corn,* 836 F.2d 889, 895 (5th Cir.1988), the Fifth Circuit found the district court's broad statement that the sentencing court could impose sentence however it saw fit and the plea agreement's equally broad statement that a fine "in any amount" could be imposed were insufficient to warn of a $6 million restitution order. *But cf. United States v. Stumpf,* 900 F.2d 842, 844-45 (5th Cir.1990) (in context of a collateral attack under 28 U.S.C. § 2255, harmless error to fail to warn defendant of a possible restitution order when restitution amount is less than maximum defendant told he might be fined).

Looking at the precedents and trying to be realistic in our policy, we are persuaded that the district court's failure to

mention specifically restitution in the instant case was a variance from the required Rule 11 procedures which did not affect substantial rights. Therefore, as prescribed by Rule 11(h), the failure should be disregarded. Defendant had a full understanding of what his plea connoted and its consequences.

B. *Sentence.*

Defendant argues that the district court erred when it refused to award him a two-level reduction for acceptance of responsibility. The PSI originally recommended such reduction, but this recommendation was before McCarty filed a motion to withdraw his guilty plea and then at the hearing to withdraw, as well as at the sentencing hearing, protested his innocence and lack of involvement in the conspiracy. The district court found that Defendant's post-plea denials of guilt made it "abundantly clear that Mr. McCarty has not accepted the responsibility." (R5 at 7).

We review the denial of a reduction for acceptance of responsibility for clear error. *United States v. Anderson,* 23 F.3d 368, 369 (11th Cir.1994). Where, as here, no objection was raised at sentencing despite being given a final opportunity to object, only a showing of manifest injustice will compel review based on those objections. *See United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled in part on other grounds, United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993).

To qualify for an offense level reduction for acceptance of responsibility under § 3E1.1 of the sentencing guidelines, a defendant bears the burden of establishing entitlement by clearly

demonstrating acceptance of responsibility for his offense. *Anderson,* 23 F.3d at 369. While the act of moving to withdraw a guilty plea may not automatically preclude offense level reduction for acceptance of responsibility, that the district court weighed McCarty's inconsistent testimony before concluding he had not clearly demonstrated acceptance of responsibility is clear. No reversible error has been shown.

Defendant's claim that the district court erred in denying his motion for release pending appeal is moot.

AFFIRMED.