[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13411
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 03-00343-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE PEARSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 13, 2005)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

George Pearson, Jr., appeals his convictions for conspiracy to possess with

intent to distribute "crack" cocaine, in violation of 21 U.S.C. §§ 846,

841(b)(1)(A)(iii), possession with intent to distribute "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1), and (c), and argues that the district judge abused his discretion by not allowing Pearson to withdraw his guilty plea because it was not knowing and intelligent. We AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Pearson for (1) conspiracy to possess with intent to distribute 50 grams of "crack" cocaine, in violation of 21 U.S.C. § 846 (Count 1); and (2) possession with intent to distribute "crack" cocaine, in violation of 21 U.S.C. § 841 (a)(1), and ( c) (Count 3). Pursuant to 21 U.S.C. § 851, the government served notice of possible sentence enhancements based on Pearson's prior convictions. Shortly before the scheduled trial, Pearson's attorney informed the court that (1) the government had offered Pearson a plea bargain, which provided that, in exchange for a plea of guilty, the government would not seek any § 851 enhancements based on Pearson's prior drug convictions; and (2) although counsel advised him to accept this offer, Pearson allowed it to expire. R3 at 6-7. Pearson then agreed to plead guilty to the charges without the benefit of a plea agreement. Id. at 10-11, 19.

At his plea hearing, the magistrate judge determined that Pearson had no difficulty understanding the court or communicating with his attorney. R2 at 6.

2

Pearson's attorney and the prosecutor stated that Pearson had not been made any promises or assurances concerning his sentence. Id. at 8. The magistrate judge then explained that the applicable statutory enhancements provided for a term of 20 years to life imprisonment for Count 1 and a maximum of 30 years of imprisonment for Count 3 of the indictment. Id. at 10-11. Pearson acknowledged that his attorney had discussed with him the applicability of the Sentencing Guidelines to his sentence. Id. at 11. The magistrate judge then warned Pearson that he would not be able to withdraw his plea should the sentence that he received be more severe than any that he was led to expect by his attorney. Id. at 13. When asked if he was satisfied with his counsel's performance, Pearson responded negatively, expressing his disdain for the legal system and his current predicament. Id. at 14.

The government then proferred a factual basis, which alleged that Pearson conspired with his codefendants to possess cocaine with the intent to distribute it. Id. at 18-19. The prosecutor asserted that (1) Pearson's codefendant, Gerald Wright, acted as his supplier, and (2) the conspiracy involved several sales to undercover officers. Id. at 19-20. Pearson acknowledged that he understood this evidence. Id. at 21. Upon the magistrate judge's recommendation, the district judge accepted Pearson's guilty plea. R1-67, 85.

Three months after his plea, but before sentencing, Pearson moved to withdraw his plea, claiming that he was "not in his right mind" when he entered the plea. R1-97. At the hearing on this motion, which was conducted by the same magistrate judge who had accepted his guilty plea, Pearson asserted that: (1) he did not have an adequate understanding of the crime of conspiracy because, had he known that it was not possible for him to conspire with an undercover officer, he would not have pled guilty to that crime; and (2) had he known that he would have faced the same sentence, regardless of whether he went to trial or pled guilty, he would have taken his chances at trial. R4 at 5-6. He indicated that he believed that, if he pled guilty, he would receive a 20-year sentence, but, if he went to trial, he would receive a life sentence. Id. at 10. He admitted, however, that neither his attorney, nor the government, had told him this. Id. at 11, 26.

Pearson's former attorney, Daniel Hernandez, who represented Pearson at the plea hearing, testified that he explained the possession and conspiracy charges to Pearson and did not doubt that Pearson understood them. Id. at 33, 36. He further testified that he (1) told Pearson that § 851 enhancements would be applicable to his sentence, and (2) continually encouraged Pearson to accept the government's plea offer, visiting him three times in the ten days leading up to the offer's expiration. Id. at 31-32.

4

The magistrate judge recommended that the district court deny Pearson's motion to withdraw his plea, noting that Pearson was "alert, responsive, and clearly engaged in the moment" when he pled guilty. R1-115 at 3. Interpreting Pearson's first ground as a claim that the plea lacked an adequate factual basis, the magistrate judge found that the argument ignored Pearson's admission that his codefendant sold drugs to him. Id. at 4 n.2. With regard to the ground that his plea was unknowing, the magistrate judge found that Pearson had the benefit of the close assistance of counsel, who adequately informed Pearson of the nature of the charges against him. Id. at 4-5. The magistrate judge noted that Pearson, who believed that he could strike a better bargain than what his attorney already had achieved if he waited until closer to trial, appeared to have had a change of heart after waiting too long to accept the government's offer. Id. at 5. According to the magistrate judge, it was not until the government's offer was off the table that Pearson realized that he would not receive a better offer. Id. The magistrate judge further noted that judicial resources would not be conserved if Pearson were permitted to withdraw his plea. (Id.).

Pearson objected to the magistrate judge's report and recommendation and argued that, under the totality of the circumstances, he did in fact show that his plea was unknowing. R1-116. He requested that the district court conduct de

5

novo review of his motion.  Id.  The district judge adopted the report and recommendation of the magistrate judge, over Pearson's objection.  R1-117.  The district judge then sentenced Pearson to 240 months of imprisonment on each count to run concurrently.  R1-120 at 2.

On appeal, Pearson argues that the district judge should have allowed him to withdraw his guilty plea because it was not knowing and intelligent.  He contends that, in order for his plea to have been knowing, he should have known its direct consequences.  Because he did not understand that there was no advantage to pleading guilty, Pearson argues, the district court should have allowed him to withdraw his plea.  He further asserts that the government would not be prejudiced by allowing him to withdraw his plea.

## II. DISCUSSION

We will reverse a district court's decision to deny a defendant's motion to withdraw a guilty plea "only when it constitutes an abuse of discretion."  United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996) (per curiam).  A decision is not an abuse of discretion unless it is "arbitrary and unreasonable."  United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004) (per curiam).  After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the

withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Importantly, "[t]here is no absolute right to withdraw a guilty plea." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

In determining if the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. (citations omitted). "There is a strong presumption that statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam).

Under the first prong of the analysis, Pearson had the close assistance of counsel, who steadfastly encouraged Pearson to accept the government's plea offer, making three trips to consult with Pearson before expiration of the government's offer. R3 at 7; R4 at 31-32. Though Pearson responded negatively

7

to a question from the court concerning his satisfaction with Hernandez, the answer appears to have been an expression of Pearson's general distaste for the legal system and his current predicament and not a criticism of his counsel's performance. R2 at 14-15.

Regarding the second prong, the thrust of Pearson's argument is that he did not understand the consequences of his actions, and thus, his plea was unknowing. Pearson testified, however, that Hernandez had discussed how the Sentencing Guidelines applied to his sentence. R2 at 11. He also acknowledged his understanding when the court informed him of the applicable sentence ranges when he pled guilty. Id. He further admitted that neither his attorney, nor the attorney for the government, had advised him that he faced a more severe sentence if he went to trial. R4 at 11, 26. There is a strong presumption that Pearson's acknowledgment of his understanding and his statements as to his communications with the attorneys are true. Medlock, 12 F.3d at 187. On appeal, Pearson has not met his heavy burden of assailing the veracity of his prior statements.

Concerning the third prong, the magistrate judge correctly concluded that judicial resources would be conserved by obviating the need for a trial on the merits. United States v. Freixas, 332 F.3d 1314, 1319 (11th Cir. 2003). With regard to the final prong, the government asserts that it would be prejudiced if

forced to try this case for a second time, although it does not point to any specific witness or evidentiary problems that would prohibit another trial. Regardless, where a defendant has not satisfied the first two prongs of the analysis, we need not give considerable weight to the last two. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

Pearson did not seek to withdraw his plea until three months after he pled guilty. R1-85, 97. "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." Buckles, 843 F.2d at 473. Whether Pearson's plea was knowing and intelligent is a determination that, in this case, relied heavily on the credibility of those testifying at the hearing, and such a determination is within the province of the district court. Id. at 472. In light of Hernandez's testimony, the plea colloquy, and the length of time between the entry of the plea and Pearson's motion to withdraw it, the district judge's denial of Pearson's motion was not unreasonable or an abuse of discretion.

### III. CONCLUSION

Pearson has appealed the denial of his motion to withdraw his guilty plea to conspiracy and cocaine possession charges because he contends that his plea was not knowing and intelligent. As we have explained, Pearson has failed to meet his

requisite burden of showing that his statements at his plea colloquy were not knowing and intelligent.  Accordingly, the district judge's denial of his motion to withdraw his guilty plea is **AFFIRMED.**