[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2007
THOMAS K. KAHN
CLERK

No. 06-13583
Non-Argument Calendar

_____

D. C. Docket No. 05-00271-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LEE GANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 25, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Willie Lee Gant, a federal prisoner represented by counsel, appeals his

conviction for attempted possession with intent to distribute 500 grams or more of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii). On appeal, Gant argues that the district court abused its discretion by denying his motion to withdraw his plea of guilty and his renewed motion to withdraw his plea of guilty. Gant claims that in addition to receiving ineffective assistance of counsel at trial and during the plea colloquy, his attorney coerced or scared him into pleading guilty on the third day of his trial. Upon review of the record, and upon consideration of the parties' briefs, we discern no reversible error.

We will not disturb the district court's decision to deny a defendant's motion to withdraw a guilty plea unless it constitutes an abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (per curiam). After the district court accepts the plea and before sentencing, the defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court should consider the following factors in determining whether the defendant has met his burden to show a fair and just reason: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted). However, there is no absolute right to withdraw a guilty

plea. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Furthermore, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *Id.*

Here, the district court did not abuse its discretion in refusing to permit Gant to withdraw his guilty plea. During the trial and at the plea colloquy, the district court informed Gant of the sentencing procedures and that the court could sentence him to up to forty years in prison, but not less than the mandatory minimum of five years. Gant stated under oath at the plea colloquy that he had discussed with his attorney how the sentencing guidelines might apply to his case but that no one had made him any promises concerning the sentence that he would receive, that he had adequate time to confer with his attorney, that his attorney had answered all of his questions, that he was satisfied with his attorney's advice and recommendations, and that there was nothing that his attorney had failed to do. These statements demonstrate that Gant received close assistance of counsel. During the plea colloquy, the district court outlined the elements of the charge, explained the rights Gant relinquished by pleading guilty, and determined that Grant was not coerced into pleading guilty. By addressing each of the core concerns of Rule 11, the district court reasonably concluded that Gant's plea was knowing and voluntary. Furthermore, while the district court conceded that there was no apparent prejudice

to the government in allowing Gant to withdraw his plea, granting his motion would have unnecessarily depleted judicial resources because a second trial would have been required.  Consequently, the district court did not abuse its discretion in denying Gant's motion to withdraw his guilty plea.  Accordingly, we affirm.

**AFFIRMED.**

4