[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2009
THOMAS K. KAHN
CLERK

No. 07-15549
Non-Argument Calendar

_____

D. C. Docket No. 04-60046-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND GEORGE BOHNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2009)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Raymond George Bohning appeals his convictions for (1) enticing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions to transport in interstate commerce, in violation of 18 U.S.C. §§ 2251(a) and (e) and 2256; (2) using the Internet to entice a minor to engage in sexual conduct made illegal by Florida law, in violation of 18 U.S.C. § 2422(b); (3) possessing child pornography, in violation of § 2252A(a)(5)(B) and (b)(2); and (4) transporting to a minor sexually explicit images for the purpose of enticing the minor to engage in sexually explicit conduct, in violation of § 2252A(a)(6)(C) and (b)(1). Bohning argues that the government's notice of lis pendens on his only asset, his residence, violated his Sixth Amendment right to counsel by preventing him from retaining private counsel and that the district court's failure to hold a hearing regarding the notice violated his Fifth Amendment right to due process. Bohning also argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, as he had not received close assistance of counsel and did not knowingly and voluntarily plead guilty. For the reasons set forth below, we affirm.

## I. Lis Pendens[1]

---

[1] As an initial matter, on appeal, Bohning points out that his plea agreement contained an appeal waiver and offers reasons why the waiver should not preclude his instant arguments. Bohning's argument is unnecessary, as the appeal waiver contained in his plea agreement was a sentence appeal waiver and he does not now seek to appeal his sentence

2

In the indictment, the grand jury charged that Bohning must forfeit any property used to commit or promote the commission of the charged offenses. Bohning was appointed a federal public defender. The government filed a bill of particulars, indicating that it would seek forfeiture of Bohning's residence. Accordingly, pursuant to Florida law, the government filed a notice of lis pendens on Bohning's residence, notifying prospective buyers or recipients of the property that the government claimed an interest in the property. Subsequently, the property was sold, and the government filed a notice discharging the lis pendens and a motion to deposit the proceeds of the sale in the district court's registry to await the disposition of the forfeiture proceedings. The district court granted the motion. Ultimately, at sentencing, the district court denied forfeiture of the residence.

In United States v. Register, 182 F.3d 820, 834, 837 (11th Cir. 1999), we considered and rejected the argument now raised by Bohning. In that case, the defendant argued that the government's filing of a lis pendens on his only assets, two pieces of property, violated his Sixth Amendment right to use his assets to hire an attorney of his choice to represent him and his Fifth Amendment right to due process as a person with an interest in property it seized. Id. at 834. Specifically, as to the Fifth Amendment, the defendant argued that he was entitled to a "hearing

to determine whether the government had probable cause to demand forfeiture."

Id.

With regard to the Sixth Amendment argument, we reasoned that, although a defendant has a right to hire counsel of his choice, he does not have a right to spend money not rightfully his to do so. Id. at 834-35 (citing Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 631, 109 S.Ct. 2646, 2655, 105 L.Ed.2d 528 (1989) (rejecting an argument that the federal criminal forfeiture statute violated the Sixth Amendment by failing to provide an exception for assets a defendant would use to retain an attorney and reasoning that the government's interest in "obtaining full recovery of all forfeitable assets . . . overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense")). Assets "subject to forfeiture" do not rightfully belong to a defendant and, in that respect, are no different than stolen bank money seized by the government. Id. (citing United States v. Bissell, 866 F.2d 1343, 1351 (11th Cir.1989) ("[T]he right to counsel of choice belongs solely to criminal defendants possessing legitimate, uncontested assets")).

With regard to the Fifth Amendment argument, we reasoned that, although a notice of lis pendens on a defendant's property is constraining, making it virtually impossible to sell or mortgage the property because the interest of a purchaser or

4

mortgagee would be subject to the eventual outcome of the lawsuit, a lis pendens does not constitute a "seizure" because the defendant retains the "right to alienate the property." Id. at 836. Therefore, a notice of lis pendens does not affect the defendant's property interests "to an extent significant enough to implicate the Due Process Clause of the Fifth Amendment." Id. at 837.

Given our reasoning in Register, Bohning did not have a right to use the proceeds of the sale of his residence to retain private counsel because the residence was subject to forfeiture and, therefore, not rightfully his. See Register, 182 F.3d at 834-35. That the district court ultimately denied forfeiture of the residence does not affect this conclusion. See id. at 834. Therefore, the government and district court did not violate Bohning's Sixth Amendment right to counsel. See id. Also, Bohning was not entitled to a hearing with regard to the lis pendens on his residence, as it did not constitute a seizure. See id. at 836-37. Therefore, the district court did not violate Bohning's Fifth Amendment right to due process. See id. Accordingly, we affirm as to this issue.

## II. Guilty Plea

With the aid of his court-appointed counsel, Bohning pled guilty through a plea agreement. At a change-of-plea hearing, Bohning indicated that he had had sufficient time to discuss with his counsel the matter of pleading guilty, was "very

5

much" satisfied with his counsel and her representation, and had read the plea agreement and discussed its contents "extensively" with his counsel before signing it. Also, he understood the terms of the plea agreement, including the full panoply of rights that he was giving up and the possible sentences that he faced, and had no questions. Likewise, he had heard the government's factual proffer and agreed with its substance, if not all of its details. Furthermore, no one had used force, threats, pressure, or intimidation to cause him to plead guilty; rather, he was pleading guilty of his own free will.

Later, Bohning filed a motion to withdraw his guilty plea, asserting that his guilty plea was not knowing and voluntary because he was given only "a few hours" to decide whether to accept the government's plea offer and, thus, was not given sufficient time to review its terms or to "fully understand his sentencing exposure." He never wanted or intended to plead guilty and his reticence in doing so was evident at the change-of-plea hearing. He only agreed to plead guilty on his counsel's advice and he was not pleased with his counsel's representation. The district court denied the motion, reasoning that the totality of the circumstances did not demonstrate a fair and just reason to withdraw his guilty plea. The district court ultimately sentenced Bohning to 240 months' imprisonment.

We review a district court's decision to deny a defendant's motion to

6

withdraw his guilty plea for abuse of discretion. United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). A decision is an abuse of discretion if it is arbitrary or unreasonable. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).

After the district court accepts his plea, but before he is sentenced, the defendant may withdraw his guilty plea if he can "show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988), we held that, in determining if the defendant has met his burden, a district court may consider the totality of the circumstances surrounding the plea, including (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. Specifically regarding the knowing-and-voluntary prong, we have explained that the district court is obligated at the change-of-plea hearing to address "three core concerns," namely whether the (1) plea is free from coercion, (2) defendant understands the nature of the charges, and (3) defendant knows and understands the consequences of his guilty plea. United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000) (citing Fed.R.Crim.P. 11(b)). We also have held that "the representations of the defendant ... [at a plea proceeding] as well as any

7

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Jones v. White, 992 F.2d 1548, 1556 (11th Cir. 1993).

The district court's denial of Bohning's motion to withdraw his guilty plea was not unreasonable. See Brehm, 442 F.3d at 1298. The parties present no arguments regarding whether judicial resources would be conserved or the government would be prejudiced if the defendant were allowed to withdraw his plea. See Buckles, 843 F.2d at 472. The totality of the circumstances suggest that Bohning received close assistance of counsel, as he stated at the change-of-plea hearing that he was "very much" satisfied with his counsel and had "extensively" reviewed the terms of the plea agreement with his counsel. See id. Also, the totality of the circumstances suggest that Bohning's plea was knowing and voluntary, as he stated at the change-of-plea hearing that he had had sufficient time to review the terms of the plea agreement; understood the terms of the plea agreement, including the specific rights he was giving up and the possible sentences he faced; and had not been forced, threatened, or pressured. See Buckles, 843 F.2d at 472; Hernandez-Fraire, 208 F.3d at 949. Bohning's statements deserve a strong presumption of truth. See White, 992 F.2d at 1556.

8

Therefore, the district court did not abuse its discretion.  See McCarty, 99 F.3d at 385.  Accordingly, we affirm as to this issue.

**AFFIRMED.**