[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12105
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-00278-KD-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MARK YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 27, 2012)

Before MARCUS, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

David Young appeals from the district court's denial of his motion to withdraw his guilty plea. After review of the record and the parties' briefs, we conclude that

the district court did not abuse its discretion, and therefore affirm.

I

On December 22, 2009, pursuant to a written plea agreement, *see* R1:43, Mr. Young pled guilty to a charge of conspiring to possess marijuana with the intent to distribute. *See* 21 U.S.C. § 846. The plea agreement explained (in bold typeface) that Mr. Young's statutory minimum sentence was 10 years, rather than 5 years, due to an information the government had filed pursuant to 21 U.S.C. § 851(a). *See* R1:43 at 3 ¶ 10.[1] The plea agreement also provided that Mr. Young agreed to cooperate with the government, and that the government retained sole discretion to decide whether to seek a reduction in Mr. Young's sentence for substantial assistance:

> If **Defendant** provides **full, complete, and truthful cooperation** to the United States, and if his cooperation results in substantial assistance to the United States in the investigation or prosecution of another person who has committed an offense, the United States Attorney's Office for the Southern District of Alabama agrees to move for a downward departure pursuant to U.S.S.G. § 5K1.1 or to file a motion pursuant to Rule 35 of the Fed.R.Crim.P. The [D]efendant acknowledges that the determination of whether or not he has provided substantial assistance will be made solely by the United States Attorney's Office for the Southern District of Alabama.
>
> **Defendant acknowledges and fully understands that this plea agreement does not contain a promise by the United States to move**

---

[1] The information alleged that Mr. Young was subject to increased statutory penalties because he was convicted in 1991 of conspiracy to possess marijuana with the intent to distribute in the Southern District of Alabama. *See* R1:32.

**for a § 5k1.1 downward departure or to file a Rule 35 motion.**

*See id.* at 7 ¶¶ 19.7 & 19.8 (bold typeface and underlining in original). The district court explained the government's discretion to Mr. Young at his change of plea hearing. *See* R1:116 at 5 ("And you understand when I say '10-year minimum mandatory', I am required to give you 10 years, unless the United States Attorney's Office files a motion asking that I go below that. Do you understand that? . . . . And it's up for them to decide whether you have substantially assisted them. Do you understand that?"). The district court again explained the 10-year mandatory minimum sentence and the government's discretion with respect to a downward departure motion at a sealed hearing on November 10, 2010. *See* R1:126 at 6-7.

On March 22, 2011, prior to his sentencing hearing, Mr. Young filed a motion to withdraw his guilty plea, asserting that he had a "fair and just reason" for withdrawal under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. According to Mr. Young, after his second debriefing by agents – which took place after the entry of the guilty plea – the prosecutor advised his counsel that the government would not be filing a motion for a downward departure because the information provided by Mr. Young was "stale."[2] Because he had been debriefed

---

[2]At the sentencing hearing, the government explained that Mr. Young had been a fugitive for a period of time. By 2010-11, therefore, the government was already aware of some of the 2005 information provided by Mr. Young. *See* R1:117 at 25-27.

3

prior to the entry of his guilty plea by other agents who had since been reassigned, Mr. Young claimed that the government knew or should have known at the time of the plea that his efforts at cooperation would be futile. *See* R1:79 at 1-3.

The government opposed the motion. Essentially, the government argued that Mr. Young could not withdraw his guilty plea due to its decision not to file a motion for a downward departure because the plea agreement did not guarantee that the government would ever file such a motion. The government also asserted that Mr. Young's plea was knowing and voluntary. *See* R1:84 at 8-11.

On April 7, 2011, the district court, without holding an evidentiary hearing, denied Mr. Young's motion "for the reasons stated" in the government's response. *See* R1:94. On April 15, 2011, the district court sentenced Mr. Young to the 10-year statutory minimum sentence. *See* R1:117 at 30.

## II

We review the district court's denial of Mr. Young's motion to withdraw the guilty plea for abuse of discretion. *See United States v. Freixas,* 332 F.3d 1314, 1316 (11th Cir. 2003). "There is no abuse of discretion unless the denial is 'arbitrary or unreasonable.'" *United States v. Brehm,* 442 F.3d 1291, 1298 (11th Cir. 2006) (citation omitted).

Though pre-sentencing motions to withdraw a guilty plea are liberally

construed, there is no absolute right to withdrawal of a plea. *See United States v. McCarty,* 99 F.3d 383, 385 (11th Cir. 1996). In reviewing a motion like Mr. Young's, a district court should consider the "totality of the circumstances," including a number of factors: whether close assistance of counsel was available; whether the plea was knowing and voluntary; whether judicial resources would be conserved; and whether the government would be prejudiced if the defendant were allowed to withdraw his guilty plea. *See United States v. Buckles,* 843 F.2d 469, 471-72 (11th Cir. 1988). The defendant has the burden of showing a fair and just reason for withdrawal, and "[t]he good faith, credibility, and weight of a defendant's assertions in support of [a motion to withdraw a guilty plea] are issues for the trial court to resolve." *Id.*

On this record, Mr. Young has not shown an abuse of discretion. First, the plea agreement advised Mr. Young that there was no guarantee or promise of a motion for a downward departure, and that the government had sole discretion in deciding whether to file a motion for a downward departure. Second, the district court explained the government's discretion to Mr. Young at the change of plea hearing *and* at a sealed hearing prior to sentencing. Third, the mere fact that the government believed Mr. Young's information to be "stale" after the change of plea hearing does not mean that it entered into the plea agreement in bad faith. Indeed, at sentencing

the prosecutor explained to the district court that Mr. Young could have provided or did provide some information as to a co-defendant who remained a fugitive, but that information had not yet led to an arrest. *See* R1:117 at 26. And both Mr. Young's counsel (at a sealed hearing prior to sentencing) and the prosecutor (at the sentencing hearing) told the district court that Mr. Young had refused to be debriefed a third time following the entry of the guilty plea. *See* R1:137 at 2-3; R1:117 at 27. The government's willingness to meet with Mr. Young again is evidence that the cooperation agreement was not an empty promise. Fourth, there was no claim that Mr. Young did not have the close assistance of counsel when he pled guilty, and as a result the factors dealing with conservation of judicial resources and prejudice to the government matter less. *See United States v. Gonzalez-Mercado,* 808 F.2d 796, 802 (11th Cir. 1987). Fifth, Mr. Young filed his motion to withdraw the guilty plea about 15 months after he pled guilty. That length of time is not dispositive, but it is a factor, for "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles,* 843 F.2d at 473.

Mr. Young also argues that the district court erred by simply adopting the government's response and not discussing the factors set out in our cases. It would have been better, of course, for the district court to issue an order articulating its own

reasons for the denial, but the order here is sufficient, given the record, for meaningful appellate review. *See Gonzalez-Mercado,* 808 F.2d at 798-801 ("[W]hile the district court unfortunately did not state its reasoning for denying the withdrawal, there is sufficient evidence in the record to support a finding that appellant's plea was knowing and voluntary.").

III

The district court's denial of Mr. Young's motion to withdraw the guilty plea is affirmed.

**AFFIRMED.**