[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12844
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00223-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON A. GENTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 21, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Gentle appeals the district court's denial of his motion to withdraw his second guilty plea.  Gentle argues that he presented a fair and just reason for withdrawal, while conceding that he had close assistance of counsel and that he entered his plea knowingly and voluntarily.  Finding no abuse of discretion, we affirm.

A federal grand jury indicted Gentle on one count of conspiracy to violate the controlled substances statutes, in violation of 21 U.S.C. § 846, by acquiring oxycodone by deception and fraud, in violation of § 843(a)(3), and by causing the distribution and dispensing of oxycodone, in violation of § 841(a)(1).  Gentle pleaded guilty, but he subsequently filed a *pro se* motion to withdraw that plea, appoint new counsel, and extend time for his sentencing hearing.  The district court granted these motions.

Gentle then signed a plea agreement with the government, in which he agreed to plead guilty (for a second time) in exchange for the government recommending a sentence no greater than the lowest end of the guidelines range, provided that was 30 months' imprisonment or less.  The agreement specifically stipulated that Gentle would waive his right to withdraw his guilty plea if he violated the agreement's terms.  Gentle subsequently violated the plea agreement by failing to report to the probation office for drug testing, with his whereabouts unknown.  Gentle's actions prompted the district court to issue a warrant for his

2

arrest, and Gentle led officers on a daylong chase through densely wooded areas in an attempt to elude capture.

As a result, the government cancelled Gentle's plea agreement. Gentle—who admits that he violated the agreement—responded by moving to withdraw his guilty plea for a second time. The district court denied his motion. Gentle argues that the district court erred in denying his motion to withdraw his guilty plea because he presented a fair and just reason for requesting the withdrawal. Specifically, Gentle argues that his motion should have been granted because the government cancelled the plea agreement after he had already complied with his part of the agreement to provide assistance; therefore, he contends that he was denied the corresponding benefits of the government's agreement.

We will reverse the denial of a motion to withdraw a guilty plea only for abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (*per curiam*). A defendant may withdraw his guilty plea after the district court accepts it, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Nevertheless, "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The district court should consider the following four factors in determining whether the defendant has met his burden to show a fair and just reason to withdraw his plea based on the totality of the circumstances:

3

"(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted).

Here, the district court did not abuse its discretion by denying Gentle's motion to withdraw his second guilty plea, as all four *Buckles* factors weigh against him.  Gentle conceded (1) that he had close assistance of counsel and (2) that his plea was knowing and voluntary, satisfying the first two factors.  Gentle even asked the district court to enforce the plea agreement as an alternative to granting his motion to withdraw his guilty plea, thereby implicitly admitting the enforceability of the agreement and its prohibition against the withdrawal of his guilty plea if he breached the agreement.

With respect to factor three, we defer to the district court's assessment that refusing to permit Gentle to withdraw his guilty plea would conserve scarce judicial resources.  *See Buckles*, 843 F.2d at 474.  Regarding factor four, "a district court need not find prejudice to the government before it can deny a defendant's motion to withdraw, [but] it may take this factor into account when assessing the defendant's motion."  *Id.*  In this case, allowing Gentle to withdraw his guilty plea

4

after he knowingly and voluntarily entered into a plea agreement and then flagrantly breached it would prejudice the judicial system.

In *Medlock*, we held that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea because he admitted that he committed the charged offense, understood the consequences of pleading guilty, waived his trial right, did not argue that his guilty plea was involuntary or the result of ineffective assistance of counsel, and did not deny guilt.  12 F.3d at 187.  Here, Gentle admitted that he committed the charged offense, understood the possible consequences of pleading guilty, waived his trial right, did not argue that his second guilty plea was involuntary or the result of ineffective assistance of counsel, and did not deny guilt.

Gentle failed to show, from the totality of the surrounding circumstances, a fair and just reason why he was entitled to relief.  Moreover, he conceded that he had close assistance of counsel and entered his plea knowingly and voluntarily. Accordingly, the district court did not abuse its discretion by denying his motion, and we affirm.

**AFFIRMED.**

5