[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13874

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GUSTAVO RAVELO,
a.k.a. Pit Bull.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:15-cr-80077-RLR-4

_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Gustavo Ravelo, proceeding with counsel, appeals the district court's denial of his *pro se* motion to withdraw his guilty plea as to his charge of conspiracy to possess with intent to distribute a controlled substance. On appeal, Ravelo argues that the district court unreasonably denied his motion to withdraw his plea because: (1) he did not enter the plea knowingly and voluntarily and his first attorney failed to explain the proceedings and sufficiently examine the evidence; and (2) he has a claim of factual innocence. After careful review, we affirm.

When a district court denies a defendant's motion to withdraw his guilty plea filed after the court accepted his plea, but before sentencing, we review the denial for abuse of discretion. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). The district court does not abuse its discretion unless the denial of the motion was "arbitrary or unreasonable." *Id.* A defendant may withdraw his plea that the district court already accepted if he shows "a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).

In determining whether the defendant has presented a fair and just reason for withdrawing his plea of guilty, "the district court may consider the totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471–72. This includes whether:

(1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant withdrew his plea. *United States v. Siegel*, 102 F.3d 447, 481 (11th Cir. 1996). If we hold that the defendant received close assistance of counsel and knowingly and voluntarily entered his plea, we do not give the third factor "considerable weight" or the fourth factor "particular attention." *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

"There is a strong presumption that the statements made during [a plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, the "defendant bears a heavy burden to show" that the statements that he made under oath at his plea hearing were false. *United States v. Davila*, 749 F.3d 982, 996 (11th Cir. 2014) (quotation marks omitted). The defendant's later-raised claim of actual innocence "does not entitle him to withdraw his plea." *United States v. McCarty*, 99 F.3d 383, 385–86 (11th Cir. 1996).

For a defendant to knowingly and voluntarily enter a plea, the plea must comply with Rule 11. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); Fed. R. Crim. P. 11(b). Under Rule 11, before the district court may accept a guilty plea, it must inform the defendant of, among other things, his rights should he plead not guilty, the nature of the charges against him, the maximum and mandatory minimum penalties, the court's obligation to impose a special assessment, the court's obligation to calculate his

advisory guideline range and consider possible departures and sentencing factors under 18 U.S.C. § 3553(a), and the terms of any appeal waivers contained in the plea agreement. Fed. R. Crim. P. 11(b)(1)(B)-(E), (G)-(N). If the defendant is not a U.S. citizen, the district court must inform him that, upon conviction, he may be removed from the United States, denied citizenship, and denied re-entry. *Id.* 11(b)(1)(O). The district court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *Id.* 11(b)(1)(F), (b)(2)-(3). Further, the district court must explain that the defendant can be prosecuted for perjury if he lies under oath. *Id.* 11(b)(1)(A).

However, a court's failure to advise a defendant of each of Rule 11's enumerated items is harmless error if it does not affect the defendant's substantial rights. Fed. R. Crim. P. 11(h); *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004). In evaluating whether a Rule 11 error substantially affected a defendant's rights, we examine Rule 11's three "core principles," which are "ensuring that a defendant: (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019. In determining if the district court met the core principles, we look to the whole record. *United States v. Presendieu*, 880 F.3d 1228, 1239–40 (11th Cir. 2018).

As for the first core principle, Rule 11 elaborates that the district court must ensure that the plea did not result from "force,

threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). In some cases, a factual proffer, if detailed enough to "effectively incorporate[] the substance of the elements of the offense," may satisfy the second core requirement. *Presendieu*, 880 F.3d at 1239. However, the district court should not assume that the defendant understands the charges simply because he agrees that the charges were read to him without referring to the elements of the offense at any other point. *United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001). Rather, the district court should refer to the elements or verify that counsel helped the defendant understand the charges. *Id.*

"To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea." *Moriarty*, 429 F.3d at 1019; *see* Fed. R. Crim. P. 11(b)(1). Rule 11 provides, in relevant part, that before the court may accept a guilty plea, it "must inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release; any mandatory minimum penalty; any applicable forfeiture; the court's authority to order restitution; [and] the court's obligation to impose a special assessment." Fed. R. Crim. P. 11(b)(1)(H)-(L).

In this case, Ravelo has not shown that the district court abused its discretion by denying his motion to withdraw his plea. As the record reflects, Ravelo testified at his plea hearing that he:

6                    Opinion of the Court                    21-13874

(1) understood the proceedings and did not need an interpreter, but would interrupt the district court if he did not understand something; (2) spoke and understood spoken English well, although he could not read or write it well; (3) discussed both the charges and plea agreement with his attorney; (4) reviewed "all of the discovery, that is, the evidence" the government said it would introduce at a trial; (5) understood the indictment, plea agreement, sentencing procedures, and potential sentences; (6) understood the facts as presented by the government and agreed the government could prove them, and did not have any questions about them; and (7) was satisfied with his attorney's answering of his questions and overall advice and representation, and there was no legal research or investigation that he'd asked his attorney to do that he had not done.  Ravelo affirmed at the plea hearing that he entered his plea of his own free will and that he understood the charges, and the court and government explained at length the nature of the charges and consequences of his plea both in the plea agreement and at the hearing.  Ravelo's attorney spoke at the colloquy as well, informing the court that he communicated with Ravelo in English, that he had read everything aloud to him, and that the defendant had no trouble understanding the proceedings.

Ravelo has since argued that the statements he made at his plea colloquy were not true.  So, for instance, he now disagrees with his statement that affirmatively disavowed that he had been pressured to plead guilty.  In addition, he refutes his statements affirming that his attorney had "discusse[ed]" the plea agreement and

charges in the indictment with him, that he had reviewed "all of the discovery, that is, the evidence" the government said it would introduce at a trial, that he understood the stipulated facts of the case, and that he was fully satisfied with his attorney's advice and representation. He also directly contradicts his attorney's statement at the colloquy that he had read everything aloud to Ravelo and that Ravelo had no trouble understanding the proceedings.

However, as we've said, there is a strong presumption that the statements the defendant made at his plea colloquy were true, and the district court was entitled to weigh his testimony at his colloquy more heavily than his later testimony. *See Medlock*, 12 F.3d at 187; *Moriarty*, 429 F.3d at 1019. Ravelo has not met his "heavy burden" of showing that the statements that he made under oath at his plea hearing were false. Rather, the record as a whole supports the district court's determination that Ravelo had received close assistance of counsel in deciding to plead guilty -- especially considering Ravelo's repeated and consistent statements at the plea colloquy that he had discussed all aspects of the case with his attorney and that he understood spoken English well, his attorney's representations of the same, and Ravelo's decision not to have an interpreter at the plea colloquy, despite the court's invitations for him to do so. Indeed, even at his arraignment, Ravelo said that he spoke fluent English and did not need an interpreter. The record also includes ample evidence, including the district court's thorough questioning of the defendant at the plea colloquy, in support

of the court's determination that Ravelo had knowingly and voluntarily entered his plea.

As for Ravelo's claim of actual innocence, our case law is clear that a claim like this "does not entitle him to withdraw his plea." *McCarty*, 99 F.3d at 385–86. In any event, Ravelo confirmed at the plea hearing that he was, in fact, guilty, based on the evidence that the government indicated that it would present at a trial, and, moreover, there is overwhelming evidence in the record of his guilt. Accordingly, Ravelo has not shown that the district court abused its discretion by denying his motion to withdraw his plea, and we affirm.

**AFFIRMED.**