[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15087
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60127-WPD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRENARD CALDWELL,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 26, 2020)


Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Trenard Caldwell appeals his convictions and 161-month total sentence for being a felon in possession of a firearm, possession of unauthorized access devices, aggravated identity theft, and possession of a detectable amount of methamphetamine with intent to distribute.  Caldwell asserts five issues on appeal, which we address in turn.  After review, we reverse and remand to allow the district court to modify Caldwell's sentence so it does not run afoul of the statutory maximum, but affirm as to all other issues.

## I.  DISCUSSION

### A. Motion to Withdraw Guilty Plea

First, Caldwell contends the district court abused its discretion when it did not allow him to withdraw his guilty plea because he did not have close assistance of counsel when he entered the plea and his plea was not knowing and voluntary. After the district court accepts the plea and before sentencing, the defendant may withdraw a guilty plea if (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(A)-(B).  "There is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  In determining if the defendant has met his burden, a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and

2

voluntary; (3) whether judicial resources would be conserved . . . ; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1998) (citation omitted). The good faith, credibility, and weight of the defendant's representations in support of the motion to withdraw are issues for the trial court to decide. *Id.*

The district court held a hearing on Caldwell's motion to withdraw his guilty plea in which both Caldwell and his attorney testified. After hearing the testimony, the district court denied the motion, finding that when Caldwell pled guilty, he understood and confirmed that (1) he would not be allowed to withdraw his plea, (2) he did not have to follow his attorney's advice, (3) he wanted to plead guilty and give up all defenses, (4) no threats or promises were made to him, and (5) he fully understood what he was doing and had no questions.

The district court did not abuse its discretion in denying Caldwell's motion to withdraw his guilty plea because he failed to show that he did not have close assistance of counsel and the evidence supports that his plea was knowing and voluntary. *See United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (stating we will disturb the district court's decision to deny a defendant's motion to withdraw a guilty plea only when it constitutes an abuse of discretion).

The district court found Caldwell's attorney, Richard Merlino, credible during the hearing on Caldwell's motion. During that hearing, Merlino testified

3

that he had met with Caldwell four to six times and his investigator had met with Caldwell six to eight times in preparation for trial. Merlino testified that he reviewed the discovery with Caldwell and they had discussed that the Government had a "reasonable likelihood of conviction" if the case proceeded to trial.

In addition, both the district court's plea colloquy and the testimony at the hearing on the motion to withdraw establish Caldwell knowingly and voluntarily entered his plea. *See Medlock*, 12 F.3d at 187 (stating there is a strong presumption that statements made during the plea colloquy are true). The district court confirmed Merlino explained the Sentencing Guidelines to Caldwell, that Caldwell agreed with the strategy of an open plea, and that Caldwell understood the maximum amount of prison time he could serve. Moreover, the district court confirmed that Caldwell's plea was done freely and voluntarily and that he understood that he could not come back to the district court and argue that he did not understand, made a mistake, or that his lawyer provided him with bad advice. Caldwell failed to meet the heavy burden of showing the statements he made, under oath, during his change or plea hearing were false. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (explaining a defendant bears a heavy burden to show that his statements under oath were false). The final two *Buckles* factors also weigh against the withdrawal of the plea, and Caldwell concedes that whether judicial resources would be conserved weighs against him.

4

## B. Ineffective Assistance of Counsel

Second, Caldwell asserts he received ineffective assistance of counsel. To make a successful claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong is fatal and makes it unnecessary to consider the other. *Id.* at 697. A counsel's performance is measured under an objective standard of reasonableness, and there is a strong presumption that counsel's conduct falls within the range of reasonable performance. *Id.* at 687, 690. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

As an initial matter, the record is sufficiently developed to permit this Court to consider Caldwell's ineffective assistance of counsel claim. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining while we generally do not consider claims of ineffective assistance of counsel raised on direct appeal, we will do so if the record is sufficiently developed). Caldwell raised the claim in his amended motion to withdraw his guilty plea, and the district court held an evidentiary hearing where Caldwell and Merlino testified regarding the issue.

5

Caldwell has failed to establish the district court erred when it denied his ineffective assistance of counsel claim. *See id.* (stating whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review). Merlino testified that he reviewed the discovery, went through the evidence with Caldwell, attempted to contact witnesses, and found he could not file a motion to suppress in good faith. In addition, Merlino testified he spoke with Caldwell about entering the guilty plea and the consequences of entering a guilty plea. Caldwell has failed to present evidence to show the likelihood of the district court allowing him to withdraw his guilty plea would have increased had Merlino taken different actions. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011) (the petitioner must show the likelihood of a different result is substantial). Thus, Caldwell has failed to establish that Merlino acted deficiently or that Merlino's actions prejudiced his defense. *See Strickland*, 466 U.S. at 687.

*C. Criminal History Calculation*

Third, Caldwell argues the district court erred at sentencing when it assessed him a criminal history point for a previous grand theft of a motor vehicle conviction, because that conviction was part of the relevant conduct of his current charges. The district court is required to assess one criminal history point for each "prior sentence" of less than 60 days of imprisonment. U.S.S.G. § 4A1.1(c). The term "prior sentence" means "any sentence previously imposed upon adjudication

of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1).

Relevant conduct includes "all acts and omissions committed . . . by the defendant

. . . that occurred during the commission of the offense of conviction, in

preparation for that offense, or in the course of attempting to avoid detection or

responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A).

The district court did not clearly err when it assessed one criminal history

point to Caldwell for the grand theft of a motor vehicle. *See United States v.*

*Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006) (stating a district court's factual

findings are reviewed for clear error and its application of the Guidelines to those

facts are reviewed *de novo*). The district court found the grand theft of the motor

vehicle was not part of the relevant conduct of this case because it was a separate

crime and it occurred on a separate date from the convictions in this case. In

addition, the grand theft of the motor vehicle did not occur during the commission

of the offenses in this case and was not done in order to avoid detection or

responsibility for those offenses. Thus, under the Guidelines, it is not relevant

conduct, and the district court did not clearly err when it assessed Caldwell one

criminal history point. U.S.S.G. § 1B1.3(a)(1)(A).

D.  *Sentence Greater than Statutory Maximum*

Fourth, Caldwell asserts the district court erred when it imposed a 161-

month total sentence which was greater than the maximum statutory sentence

permitted.  The district court sentenced Caldwell at the high end of his Guidelines range, 137 months' imprisonment on Counts 1, 2, 4, and 5, to run concurrently. The district court further sentenced Caldwell to 24 months' imprisonment on Count 3, to run consecutively.  Caldwell contends the maximum prison sentence permitted by law on Counts 1, 2, and 5[1] is 120 months' imprisonment.  *See* 18 U.S.C. § 924(a)(2) (Count 1); 18 U.S.C. § 1029(c)(1)(A)(i) (Counts 2 and 5).

The Government concedes that Caldwell correctly argues the district court erred when it imposed a 137-month sentence as to Counts 1, 2, and 5.  The Government contends the district court should have structured the sentence by imposing concurrent terms of 120 months' imprisonment as to Counts 1, 2, and 5, and a 137-month sentence for Count 4, which carries a statutory maximum of 240 months.  *See* 21 U.S.C. § 841(b)(1)(C).

We have held that Federal Rule of Criminal Procedure 36 "may not be used to make a substantive alteration to a criminal sentence."  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotations omitted).  In addition, we have held that Rule 36 permits courts to "correct an error in the record arising from [an] oversight.  *Id*. at 1165.

---

[1]  Caldwell's counts of conviction are as follows:  Count 1—possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); Count 2—possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); Count 3—aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); Count 4—possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and Count 5—possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).

The district court erred in how it structured Caldwell's sentence because it sentenced him to 137-months' imprisonment as to Counts 1, 2, and 5, when the statutory maximum sentence for those counts is 120 months' imprisonment. *See United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007) (reviewing the legality of a sentence *de novo*). However, this error is one that can be corrected, pursuant to Rule 36, as the correction will not result in a substantive alteration to Caldwell's sentence. *See Portillo*, 363 F.3d at 1164-65. The district court could sentence Caldwell to 120-months' imprisonment as to Counts 1, 2, and 5 to run concurrently with a 137-month sentence as to Count 4, and an additional 24 months to run consecutively as to Count 3 for a total sentence of 161 months' imprisonment. Allowing the district court to enter a new judgment, pursuant to Rule 36, will allow the district court to correct an oversight in how it announced Caldwell's sentence, without making the sentence more onerous. *See id.*

E. *Superseding Indictment*

Fifth, Caldwell contends Count 1 of the Superseding Indictment illegally charged him with being a felon in possession of a firearm, in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[2] We review

---

[2] Caldwell waived the defect in his indictment because his guilty plea waived all nonjurisdictional defects in his proceeding. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). He may obtain relief from his guilty plea only if he identifies a defect that affected the power of the district court to enter its judgments. *See id.* at 1350-51. While *Rehaif* clarified that a defendant's knowledge of his status as a felon is an element of the offense of being a felon in possession of a firearm, 139 S. Ct. at 2200, the omission of a mens rea element

new challenges to indictments for plain error. *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019). A defendant must prove that an error occurred, that was plain, and that affected his substantial rights. *Id*. at 1021. We may consult the whole record when considering the effect of an error on a defendant's substantial rights. *Id*. "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

Caldwell cannot show plain error occurred because he failed to show the error affected his substantial rights. The district court specifically asked Caldwell if he knew what a felony was and if he had previously pled guilty to a felony. Caldwell replied in the affirmative to both questions. Thus, Caldwell cannot establish an error occurred that affected his substantial rights because the record establishes that he knew of his status as a felon. *See Reed*, 941 F.3d at 1020-22.

---

from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case. *See Brown*, 752 F.3d at 1350-51, 1353-54. Caldwell's indictment was defective because it failed to allege he knew he was a felon, but Caldwell waived that nonjurisdictional defect by pleading guilty.

## II.  CONCLUSION

Accordingly, we reverse and remand to allow the district court to correct

Caldwell's sentence pursuant to Rule 36, but affirm as to all other issues.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**