[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12378

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANNY WAYNE HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00102-WWB-LHP-13

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Danny Wayne Holmes appeals his conviction on one count of conspiring to distribute and possess with intent to distribute methamphetamine. He asserts that the district court erred for several reasons. First, he argues that the district court abused its discretion by denying his motion to withdraw his plea agreement and his related request for an evidentiary hearing. Second, he contends that the government breached its plea agreement by misstating the law in certain respects at sentencing. Third, he asserts that the district court improperly denied him a minor-role reduction. Fourth, he contends that his 188-month sentence is substantively unreasonable.

The government, in turn, responds that "it is clear from the plea agreement and the Rule 11 colloquy that Holmes knowingly and voluntarily waived his right to appeal his sentence on most grounds, including the grounds he now raises on appeal," and because his appeal waiver is enforceable, his arguments concerning the minor-role reduction and the reasonableness of his sentence are waived. Holmes replies that the appeal waiver does not foreclose his sentencing-based arguments, because he did not plead guilty knowingly and voluntarily and, thus, the waiver is unenforceable.

We will address each of these points, to the extent necessary, in turn. After careful review, we affirm.

# I

Holmes first argues that the district court abused its discretion by denying his motion to withdraw his plea agreement and his related request for an evidentiary hearing.

We review a district court's decision to deny a motion to withdraw a guilty plea and its refusal to hold an evidentiary hearing for abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003); *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). "The district court may be reversed only if its decision is arbitrary or unreasonable." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). A district court does not abuse its discretion by refusing to hold an evidentiary hearing if it previously conducted extensive Rule 11 inquiries prior to accepting a guilty plea. *Brehm*, 442 F.3d at 1298.

After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw a guilty plea if the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard should be liberally construed, but there is no absolute right to withdraw a guilty plea before sentencing. *Buckles*, 843 F.2d at 471. To determine whether a defendant has met this standard, a district court "may consider the totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.*

at 471–72 (citations omitted).  We have not given considerable weight to the third and fourth factors when a defendant is found to have had the close assistance of counsel and pled guilty knowingly and voluntarily. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).  A district court need not find prejudice to the government before it can deny a defendant's motion to withdraw. *Buckles*, 843 F.2d at 474.

We have recognized that "[a]ll pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Id.* at 472.  Thus, "[a] defendant cannot complain of coercion where the attorney, employing his best professional judgment, recommends that the defendant plead guilty." *Id.*  Further, we have considered whether the district court assessed the competency of representation and found it to be adequate in evaluating whether a defendant received close assistance of counsel.  *Id.*

In determining whether a defendant's guilty plea is knowing and voluntary, the district court must conduct a plea colloquy to ensure that the three core concerns of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Freixas*, 332 F.3d at 1318.

Regarding the first core principle, Rule 11(b)(2) states that the district court must ensure that the plea did not result from force, threats, or promises not included in the plea agreement. Fed. R. Crim. P. 11(b)(2).  Whether the district court has complied with

the second core principle depends on a variety of factors, including the complexity of the offense and the defendant's sophistication and intelligence; for simple charges, it will usually suffice for the district court to read the indictment and allow the defendant to ask any questions that he may have about it. *United States v. Presendieu*, 880 F.3d 1228, 1238–39 (11th Cir. 2018). The district court may comply with the third core principle by informing the defendant of the rights that he gives up by pleading guilty, the court's authority to impose certain punishments, and the possibility of a perjury prosecution for false statements made during the plea colloquy. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam); Fed. R. Crim. P. 11(b)(1).

There is a strong presumption that statements made during the plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, the "defendant bears a heavy burden to show" that the statements that he made under oath at his plea hearing were false. *United States v. Davila*, 749 F.3d 982, 996 (11th Cir. 2014) (per curiam) (quotation marks omitted). The defendant's later assertion of actual innocence "does not entitle him to withdraw his plea." *United States v. McCarty*, 99 F.3d 383, 385–86 (11th Cir. 1996) (per curiam).

The government has a power, but not a duty, to file a substantial-assistance motion. *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). The prosecutorial discretion to refuse to file a substantial-assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's

race or religion, or is not rationally related to any legitimate government end. *Wade v. United States*, 504 U.S. 181, 185–86 (1992) (discussing motions under U.S.S.G. § 5K1.1). Judicial review is appropriate only where the defendant alleged a constitutionally impermissible motive and made a substantial showing that the government's refusal to file a substantial-assistance motion is based on that motive. *Dorsey*, 554 F.3d at 961. Consequently, when a defendant merely claims that he provided substantial assistance or makes generalized allegations of improper motive, he is not entitled to a remedy or even to an evidentiary hearing. *Wade*, 504 U.S. at 1886.

Here, the district court did not abuse its discretion in denying Holmes's motion to withdraw his guilty plea. First, the record supports the conclusion that close assistance of counsel was available because Holmes's counsel testified that he reviewed the plea agreement several times with Holmes, and Holmes agreed that he'd had sufficient time with counsel to discuss the agreement. *See Buckles*, 843 F.2d at 471–72.

Second, the record reflects that Holmes's plea was knowing and voluntary. The magistrate judge ensured that his plea was free from coercion when it confirmed with Holmes that he was pleading voluntarily and that nobody had promised him either a particular sentence or anything else aside from what was in the plea agreement. *See* Fed. R. Crim. P. 11(b)(2). Further, Holmes confirmed that he was factually guilty. Following the hearing's recess, he confirmed that he had enough time to discuss his case with his

counsel and was satisfied with his representation. Additionally, the government would be prejudiced and the district court would waste valuable resources if Holmes were permitted to withdraw his plea months later and reschedule his trial. Moreover, Holmes's eligibility for a substantial-assistance reduction does not affect the validity of his plea agreement.

Finally, the district court did not otherwise abuse its discretion by refusing to hold an evidentiary hearing. The magistrate judge previously made extensive Rule 11 inquiries to ensure that Holmes was pleading guilty both knowingly and voluntarily. *Buckles*, 843 F.2d at 472.

Accordingly, we affirm as to this issue.

## II

Holmes next asserts that the government breached its plea agreement by misstating the law when it informed the district court that, in considering the minor-role reduction, it should have compared him to other street-level dealers. As we understand his brief, Holmes makes two distinct breach-related arguments. First, he asserts that the government's alleged breach is a stand-alone reason to reverse. Second, he says that because the government breached the plea agreement, it can't enforce his appeal waiver.[1]

---

[1] Because normal contract principles apply to a plea agreement, *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015), a party that has breached the agreement generally cannot enforce it against the other party. *See id.* ("We agree with our sister circuits that a party's waiver of the right to

We reject both of Holmes's arguments because we conclude that the government did not breach the plea agreement.[2]  A material promise set out in a plea agreement, which induces a defendant to plead guilty, is binding on the government.  *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007) (per curiam).  The government breaches a plea agreement when it fails to perform a promise on which the plea was based.  *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016).  "[A]n appeal waiver does not bar a defendant's claim that the government breached the plea agreement."  *Id.*

Here, the government did not breach the plea agreement. Even assuming that the government misstated the law, it did not promise in the agreement to avoid incorrect legal arguments—such as failing to correctly explain the legal basis for the district court to determine whether Holmes was eligible for a minor-role reduction.  Therefore, the government did not breach any material promises in the agreement.  *Thomas*, 487 F.3d at 1360; *Hunter*, 835 F.3d at 1324.

Accordingly, we also affirm as to this issue.

---

seek appellate review is not enforceable where the opposing party breaches a plea agreement.") (dicta) (quoting, parenthetically, *United States v. Bowe*, 257 F.3d 336, 342 (4th Cir.2001)).

[2] Because Holmes didn't preserve his stand-alone reversal argument, we review that particular contention only plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

### III

Holmes makes two additional assertions—(1) that the district court improperly denied him a minor-role reduction and (2) that his 188-month sentence is substantively unreasonable. But the government responds that Holmes knowingly and voluntarily waived his right to appeal these issues.

We will review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

To establish that a waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* The government cannot show that an appeal waiver was knowing and voluntary from an examination of the text alone. *Id.* at 1352. A waiver is enforceable if the defendant claimed to understand it during the plea colloquy, confirmed that he had read the plea agreement and knew it was binding, and entered into the plea agreement freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1323–24, 1333 (11th Cir. 2001) (holding that a waiver is valid where it was "referenced" at the Rule 11 hearing and where the district court established that the defendant had read and understood "every page and every word" of the plea agreement).

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Further, even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

Nevertheless, an effective waiver is not an absolute bar to appellate review. *Johnson*, 541 F.3d at 1068. Specifically, a "valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope." *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014). Moreover, we have indicated that certain issues may be exempt from the scope of a valid appeal waiver, such as a defendant's "right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," or where "the sentence imposed is not in accordance with the negotiated agreement." *Bushert*, 997 F.2d at 1348, 1350 n.18 (quotation marks omitted). We have also suggested that extreme circumstances—"for instance, if the district court had sentenced [the defendant] to a public flogging"—may implicate due process and require that the defendant be allowed to appeal notwithstanding a valid appeal waiver. *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999). In addition, we have held that "an appeal waiver . . . which is part of a guilty plea is unenforceable if the plea itself is involuntary or

unintelligent." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015).

Here, we conclude that Holmes's appeal waiver is valid because he entered his guilty plea knowingly and voluntarily, and the magistrate judge explained the terms of the waiver to him before recommending that the court accept his plea. Thus, the waiver is enforceable. *Bushert*, 997 F.2d at 1350 n.18, 1351. Further, none of the exceptions to the waiver applies here. Holmes's 188-month sentence did not exceed the guideline range, it did not exceed the statutory maximum of life imprisonment, he does not argue that his sentence violated the Eighth Amendment, and the government did not file a cross-appeal.

Because we conclude that Holmes's appeal waiver is valid, we decline to consider the merits of his challenges to the district court's denial of a minor-role reduction and to the reasonableness of his sentence.

**AFFIRMED.**